IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY JOE CROOM, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:16-cv-01053-STA-egb |
| GRADY PERRY, | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION FOR RESPONSE
AND
DENYING MOTION FOR COUNSEL

Currently before the Court are the motions of Petitioner, Bobby Joe Croom, for an order directing Respondent, Grady Perry, to respond to the § 2254 petition (ECF No. 19) and for appointment of counsel. (ECF No. 15.)

On December 1, 2016, the Court denied Petitioner's motion to amend his petition as unnecessary and directed the Clerk to send Petitioner an amended petition form. (ECF No. 13.) To date, Petitioner has not filed an amended petition and now seeks an order directing Respondent to respond to the original petition. (ECF No. 19.) The motion is **GRANTED**.

Respondent is **ORDERED** to file a response to the petition within twenty-eight (28) days of service. *See* Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). The response shall include the complete trial and appellate record of Petitioner's original case and any subsequent state petitions for collateral relief. The record shall

be organized and appropriately indexed.[1]  Distinct parts of the record shall be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service.  Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.  The Court will address the merits of the amended petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

Petitioner's motion for appointment of counsel is **DENIED**.  Petitioner asserts that he cannot afford to secure counsel on his own, that he is not trained in the law, and that he has little or no access to legal assistance at the prison.  Those circumstances, which are typical of most prisoners, do not warrant appointment of counsel.  *See Richmond v. Settles*, 450 F. App'x 448, 450 (6th Cir. 2011).  Petitioner may renew his motion if his circumstances change or the complexity of the proceedings warrant appointment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 14, 2017

---

[1] Using the event "Index of State Court Record," Respondent shall file a comprehensive index.  The Index shall include the electronic bookmark references which indicate the location of distinct parts of the record (*e.g.*, plea proceedings, pretrial hearing transcripts, *voir dire*, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.).  The actual record shall be filed as an exhibit(s) to the Index.